```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CLIFTON MICHAEL RAY,

        Petitioner,

v.                                    Case No: 2:24-cv-525-JES-NPM

STATE OF FLORIDA,

        Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Clifton Michael Ray's Petition for Writ of Habeas Corpus (Doc. #1). Ray pleaded nolo contendere in the 20th Judicial Circuit Court in and for Lee County, Florida case numbers 23-CF-015811 and 23-CF-015814 to charges of failure to register as a sex offender, criminal use of personal identification information, and giving a false name by a person arrested or detained. Ray claims the traffic stop that led to his arrest was unlawful. The Court reviews Ray's Petition under Rule 4 of the Rules Governing Section 2254 Cases.

The Antiterrorism Effective Death Penalty Act (AEDPA) precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised

in his federal petition to the state's highest court, either on direct appeal or on collateral review." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Ray has not yet exhausted his state remedies. According to the online dockets maintained by the Lee County Clerk of Courts, Ray is currently appealing his convictions, and the appeals are pending. Ray's convictions are not final for federal habeas purposes, and his federal habeas claims are unexhausted. The Court will dismiss Ray's Petition without prejudice. Ray may refile after exhausting each of his claims in state court either on direct appeal or collateral review. If Ray does seek federal habeas review, he must use the Court's approved habeas form, which he can obtain from the Clerk. See Section 2254 Rule 2(d).

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Petitioner is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is now

**ORDERED:**

1. Petitioner Clifton Michael Ray's Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to deny any pending motion as moot, enter judgment, and close this file.

3. Ray is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this ___13th___ day of June 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:  All Parties of Record